UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VAN KY MAI,

           Petitioner,

    v.

HERNANDEZ et al.,

           Respondents.

CASE NO. 26-cv-01337-JHC

ORDER

## I

### INTRODUCTION

This matter comes before the Court on Petitioner Van Ky Mai's Petition for Writ of Habeas Corpus. Dkt. # 1. The Court has considered the materials filed in support of and in opposition to the petition, the rest of the record, and the governing law. Being fully advised, for the reasons below, the Court GRANTS the Petition. Dkt. # 1.

## II

### BACKGROUND

Petitioner is a native and citizen of Vietnam who entered the United States on January 25, 2025, and was immediately taken into custody. Dkt. # 5 at 1-2; Dkt. # 1-2. Petitioner was served a Notice to Appear on June 17, 2025. Dkt. # 5 at 2. On October 16, 2025, an

ORDER - 1

immigration judge (IJ) ordered Petitioner removed to Vietnam, but granted him withholding of removal. Dkt. # 6-3. Neither party reserved the right to appeal, and the order became final on the same day. *Id*. On February 6, 2026, the Government sought to remove Petitioner to Uganda, but Uganda declined. Dkt. # 5 at 3. The Government has requested from Petitioner a preferred country of removal, but no other action has been taken to remove Petitioner. Dkt. # 5 at 2-3; *see generally* Dkt. ## 5, 6.

Petitioner was transferred to the Northwest ICE Processing Center (NWIPC) on February 11, 2025, and he remains there today. Dkt. # 5 at 2.

### III

### DISCUSSION

Federal district courts have the authority to grant a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241 (a), (c). "The [habeas] petitioner carries the burden of proving by a preponderance of the evidence that [they are] entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004). Title 8 U.S.C. § 1231 governs the detention and release of noncitizens subject to a removal order, such as Petitioner.[1] Under § 1231(a), to facilitate removal the Government must hold a noncitizen in custody during the 90-day "removal period" after entry of a final removal order. *See* 8 U.S.C. §§ 1231(a)(1)(A), (a)(2); *see also Zadvydas*, 533 U.S. at 682.

In this case, the removal period began when Petitioner's removal order became administratively final on October 16, 2025, and the period expired 90 days later on January 14, 2026. *See* 8 U.S.C. § 1231(a)(1)(B)(i). The 90-day removal period has thus expired.

---

[1] Although Petitioner was granted a withholding of removal order under 8 U.S.C. § 1231(b)(3), that order is country-specific and only prohibits his removal to Vietnam. *Johnson v. Guzman Chavez*, 594 U.S. 523, 535-36 (2021); 8 C.F.R. §§ 208.16(f), 1208.16(f). Petitioner's asylum claim was denied, and so he is still subject to removal order. *See* Dkt. # 6-3 at 5.

ORDER - 2

After the removal period expires, the Government "may" continue to detain a noncitizen who remains in the United States, but it cannot do so indefinitely. 8 U.S.C. § 1231(a)(6); *see also Zadvydas*, 533 U.S. at 682, 701. In *Zadvydas*, the Supreme Court held that § 1231 "limits [a noncitizen]'s post-removal-period detention to a period reasonably necessary to bring about that [noncitizen]'s removal from the United States." *Id.* at 689. The Supreme Court determined that it is "presumptively reasonable" for the Government to detain a noncitizen for six months following entry of a final removal order while it works to remove the individual. *Id*. at 701. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. The six-month period does not mean petitioner is entitled to relief, but "for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id*. If the Government fails to rebut the noncitizen's showing, the noncitizen is entitled to habeas relief. *Id*. at 699-701.

As Respondents concede, Petitioner's presumptively reasonable six-month period expired on or about April 16, 2026, almost a month ago. Dkt. # 4 at 6. Petitioner argues that there is no good reason to believe removal is reasonably foreseeable because he cannot be removed to Vietnam, Uganda rejected his acceptance, no other third country has been identified for his removal, and the Government has not started the processes of requesting another third country to accept him. Dkt. # 1 at 2, 6, 11-12; Dkt. # 7 at 3-5. This is supported by Respondents' showing indicating the same. *See generally* Dkt. # 4. Petitioner need not, as Respondents say, provide proof of "insurmountable barriers like severed diplomatic relations or categorical refusal by all potential countries." Dkt. # 4 at 6. As Respondents concede, where removal to a home country is impossible, it is the Government's responsibility to find a country for removal. Dkt. # 5 at 3.

ORDER - 3

Because there has been no third country identified for removal, let alone the initiation of a request to a third country to accept Petitioner, the Court is persuaded that there is good reason to believe removal is not reasonably foreseeable.

The burden then shifts to Respondents to rebut this showing. Respondents say Petitioner's refusal to cooperate is the central reason removal has not yet been completed. Dkt. # 4 at 5. This argument lacks merit, and Respondents' reliance on *Pelich v. I.N.S.*, 329 F.3d 1057 (9th Cir. 2003) is misplaced. In *Pelich*, the noncitizen's detention did not raise constitutional concerns under *Zadvydas* because the length of detention was in direct proportion to the noncitizen's refusal to cooperate by lying to the Government about his biographical information and refusing to fill out a passport application, which completely impeded the Government's ability to secure travel documents. *Id.* at 1059, 62. Here, Respondents have Petitioner's valid passport and they do not allege he has misled the Government. Dkt. # 6-4; *see also* Dkt. # 4 at 7; *see generally* Dkt. ## 5, 6. The Government can secure travel documents, and even attempted to do so with Uganda. Dkt. # 4 at 7. As the Government concedes, it is their responsibility not Petitioner's to secure a removal country. Dkt. # 5 at 3. Petitioner's refusal to pick a country from a list provided to him, allegedly entitled "Visa Free Vietnamese," containing a list of country names and the number of days a Vietnamese national could temporarily stay, Dkt. # 1 at 6, is not non-cooperation because, as Petitioner raises in traverse, Petitioner is allowed to raise concerns and express fear over being removed to a third country. Dkt. # 7 at 6.

The fact that Petitioner has not identified a third country to which he would like to be removed also does not make removal any more or less reasonably foreseeable. *See e.g.*, *Bozorgpasand v. Facility Adm'r*, 2026 WL 171775, *3 (W.D. Wash. Jan. 22, 2026). Regardless of Petitioner's response, the Government has provided no evidence that it has sought removal to any country other than Uganda. The Government need not rely on Petitioner's preferred country

ORDER - 4

for removal; the governing statute provides a tiered list of alternatives when the preferred country is unavailable or one is not provided.  8 U.S.C. § 1231(b)(2)(C)-(E).  Under § 1231(b)(2), and subject to due process, the Government could have removed Petitioner to a third country.  *See Kumar v. Wamsley*, No. C25-2055-KKE, 2025 WL 3204724, at *6 (W.D. Wash. Nov. 17, 2025) (collecting cases on third country due process requirements).  Respondents provide no reason for the delay.  Petitioner's failure to name a preferred country might be to his own detriment, but it does not prohibit the Government from removal, and here, it cannot overcome the good showing that removal is not reasonably foreseeable.

Based on the significant likelihood Petitioner will not be removed in the reasonably foreseeable future, Petitioner is entitled to habeas relief.

## IV

### CONCLUSION

For these reasons, the Court GRANTS the habeas petition (Dkt. # 1) and ORDERS as follows:

(1) Respondents shall release Petitioner from detention within 24 hours of this order.  Upon release, Petitioner shall be subject to reasonable conditions of supervision;

(2) Respondents and their respective officers, agents, employees, attorneys, and other persons acting on their behalf are prohibited from re-detaining Petitioner unless and until he is provided with adequate notice and a hearing before an immigration court to determine whether re-detention is appropriate;

(3) Respondents and their respective officers, agents, employees, attorneys, and other persons acting on their behalf may not remove Petitioner to any third country unless and until he is provided with adequate notice and a hearing before a neutral decisionmaker to determine whether such removal is appropriate; and

ORDER - 5

(4) The Clerk is DIRECTED to send uncertified copies of this Order to all counsel of record.

(5) Petitioner requested attorney fees and costs under the Equal Access to Justice Act. *See* 28 U.S.C. § 2412(d)(1)(A). To be eligible for fees under the EAJA, a petitioner must submit an application within 30 days of final judgment. *See id.* §(d)(1)(B). Accordingly, Petitioner may file a motion with such request no later than June 12, 2026.

Dated this 13th day of May, 2026.

John H. Chun
United States District Judge

ORDER - 6